IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:16-CR-124-FL-1
NO. 5:17-CV-382-FL

| | | |
|---|---|---|
| DARRELL ALPHONSO JORDAN, | ) | |
| Petitioner, | ) | |
| v. | ) | ORDER |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

This matter is before the court on petitioner's motions to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, (DE 33, 35, 40), which challenge petitioner's judgment of conviction in light of the Supreme Court's rulings in <u>Johnson v. United States</u>, 135 S. Ct. 2551 (2015) and <u>United States v. Davis</u>, 139 S. Ct. 2319 (2019). The issues raised are ripe for ruling. For the reasons that follow, the court dismisses the motions to the extent petitioner challenges his § 924(c) conviction under <u>Davis</u>, but grants leave to file amended motion to the extent petitioner raises other challenges to his conviction or sentence.

## BACKGROUND

On July 13, 2016, petitioner pleaded guilty to Hobbs Act robbery and aiding and abetting same, in violation 18 U.S.C. § 1951 and 2, and using and carrying a firearm during and in relation to a crime of violence and aiding and abetting same, in violation of 18 U.S.C. §§ 924(c) and 2. On October 6, 2016, the court sentenced petitioner to 106 months' imprisonment and five years' supervised release. Petitioner did not appeal his judgment of conviction.

On July 27, 2017, petitioner filed the instant motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255, asserting that his § 924(c) conviction should be vacated in light of Johnson. Petitioner also alleged that his guilty plea was involuntary and that he received ineffective assistance of counsel. On August 10, 2017, the court appointed counsel to assist petitioner with presentation of his Johnson claim. On October 10, 2017, petitioner, acting through counsel, filed amended motion to vacate, asserting that his § 924(c) conviction should be vacated in light of Johnson. The amended motion did not include petitioner's original claims for ineffective assistance of counsel or that his guilty plea was involuntary. At respondent's request, the court stayed the § 2255 proceedings pending the United States Court of Appeals for the Fourth Circuit's resolution of United States v. Simms, 914 F.3d 229 (4th Cir. 2019). On July 26, 2019, the court lifted the stay and directed the parties to file supplemental briefing addressing the effect of Simms and Davis on petitioner's motions. On September 26, 2019, petitioner, acting through counsel, filed supplemental response, conceding that current Fourth Circuit law establishes he is not entitled to relief under Johnson or Davis.

## DISCUSSION

A.  Standard of Review

A petitioner seeking relief pursuant to 28 U.S.C. § 2255 must show that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the

court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." Id. § 2255(b).

B.  Analysis

Pursuant to 18 U.S.C. § 924(c), a person convicted of possessing a firearm "during and in relation to any crime of violence or drug trafficking crime" is subject to a mandatory minimum five years' imprisonment for the first conviction. 18 U.S.C. § 924(c)(1)(A)(i). The sentence shall run consecutive to any sentence imposed for the predicate crime of violence or drug trafficking crime. Id. § 924(c)(1)(A). Section 924(c)(3) defines crime of violence as an offense that is a felony and:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another [the "force clause"], or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense [the "residual clause"].

Id. § 924(c)(3)(A)-(B).

Davis and Simms held that § 924(c)(3)(B) is unconstitutionally vague, thereby rendering invalid § 924(c) convictions based on the residual clause definition of crime of violence. Davis, 139 S. Ct. at 2336; Simms, 914 F.3d at 237. The Davis and Simms decisions, however, do not call into question the constitutionality of § 924(c)(3)(A). Thus, if petitioner's predicate offense qualifies as a crime of violence under subsection (c)(3)(A) (the force clause), his conviction remains valid. See United States v. Mathis, 932 F.3d 242, 263-64 (4th Cir. 2019).

Petitioner's predicate offense is Hobbs Act robbery in violation of 18 U.S.C. § 1951, and the Fourth Circuit has held that this offense qualifies as a crime of violence under § 924(c)'s force

3

clause. See id. 265-66 (holding "Hobbs Act robbery constitutes a crime of violence under the force clause of Section 924(c)"). As noted, petitioner concedes that Mathis forecloses his challenge to his § 924(c) conviction. Accordingly, the court dismisses petitioner's motions to vacate to the extent petitioner challenges his § 924(c) conviction under Davis or Simms.

As noted, petitioner's original motion to vacate allege he received ineffective assistance of counsel and that his guilty plea was involuntary. These claims appear related to petitioner's claims that Johnson invalidated his § 924(c) conviction. As set forth above, petitioner's § 924(c) conviction remains intact. However, to the extent the claims may be independent of petitioner's Johnson claim, the court will allow petitioner to file amended § 2255 motion asserting these claims.

## CONCLUSION

Based on the foregoing, the court DISMISSES IN PART petitioner's motions to vacate, (DE 33, 35, 40) to the extent the motions allege that petitioner's § 924(c) conviction is invalid under Davis and Simms. In the event petitioner intends to pursue his claims alleging ineffective assistance of counsel and that his guilty plea was involuntary, petitioner is DIRECTED to file amended motion to vacate within **21 days** of entry of this order. The clerk is DIRECTED to send petitioner the court's prescribed form for § 2255 motions. In the event petitioner fails to respond

4

to this order, the court will enter final judgment dismissing petitioner's motions to vacate and denying a certificate of appealability, for the reasons set forth herein.

SO ORDERED, this the 19th day of February, 2020.

_____
LOUISE W. FLANAGAN
United States District Judge