IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:16-CR-124-FL-1

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | MEMORANDUM OPINION |
| DARRELL ALPHONSO JORDAN, ) | |
| ) | |
| Defendant. ) | |

This matter came before the court for revocation hearing, August 7, 2025. The court memorializes herein the court's reasons for sustaining defendant's objection to treating the violation set forth in the amended motion for revocation as a Grade A violation instead of a Grade B violation.

## STATEMENT OF THE CASE

Amended motion for revocation, filed April 23, 2025, petitioned the court for revocation of defendant's term of supervised release, based upon criminal conduct, specifically that "[o]n December 9, 2024, the defendant pled guilty to Assault Inflicting Serious Bodily Injury" ("AISBI").[1] The probation office categorizes this as a Grade A violation, on the basis that the criminal conduct is a "crime of violence" under U.S.S.G. § 7B1.1(a)(1). With defendant's criminal history category IV, this carries a guidelines range of 37-46 months.

---

[1] Although the amended motion for revocation also states that defendant "committed the offense of Assault With a Deadly Weapon with Intent to Kill Inflicting Serious Injury," ("AWDWIKISI") the government and defendant both agree that the offense at issue is AISBI, and not AWDWIKISI, as that is the offense to which defendant pleaded guilty. (See Gov. Opp. (DE 99) at 3). Accordingly, AISBI is the offense analyzed herein.

Prior to hearing, defendant filed notice objection to the proposed grade of violation, contending that the offense of AISBI is only a Grade B violation, because it is not a crime of violence under the guidelines. Therefore, defendant argued, his guidelines range is 12-18 months. The government filed a response to defendant's objection on the eve of the instant revocation hearing, in which it argued that the probation office properly designated defendant's AISBI offense as a crime of violence.

The court initially convened revocation hearing during the morning session August 7, 2025, during which it heard argument by the parties and was reminded of the filing of the government's response. To provide the court additional time to consider the government's response, the court continued hearing to the afternoon session, at which it announced its decision to sustain defendant's objection, noting the instant memorandum opinion would follow. The court revoked defendant's term of supervision and ordered defendant committed to the custody of the Bureau of Prisons for a period of 18 months, the top of the guidelines range based upon a Grade B violation.

## COURT'S DISCUSSION

As the government notes in its response, the parties agree on many of the foundational steps of the court's analysis, which the court sets forth here briefly as follows. The court must determine whether AISBI is a "crime of violence" under U.S.S.G. § 7B1.1(a)(1), which is defined under the "force clause" and the "enumerated offenses clause" of § 4B1.2(a). United States v. Simmons, 917 F.3d 312, 317, 320 (4th Cir. 2019). In so doing, the court must apply the "categorical approach," by "look[ing] only to the elements of [AISBI] and not the particular facts of [this defendant's] case." Id. at 317. The court must look to the language of the statute defining

2

the particular offense, as well as state court decisions that elaborate on the contours of the offense. See United States v. Aparicio-Soria, 740 F.3d 152, 155 (4th Cir. 2014) (en banc).

Beyond these foundational principles, this case presents an issue of first impression in this court and in this circuit. The United States Court of Appeals for the Fourth Circuit previously determined that AISBI was a crime of violence under the "residual clause" of § 4B1.2, in United States v. Thompson, 87 F.3d 412 (4th Cir. 2017). However, the holding in Thompson is inapposite because the residual clause since has been removed from the guidelines. See Simmons, 917 F.3d at 320 (noting the "minimum culpable conduct test is significantly different from the ordinary case approach" previously used for the residual clause analysis). Accordingly, the court addresses for the first time whether AISBI is a crime of violence under the "force clause" and "enumerated offense clause." Id. at 317, 320.

The AISBI statute provides: "[A]ny person who assaults another person and inflicts serious bodily injury is guilty of a Class F felony." N.C. Gen. Stat. § 14-32.4(a). "'Serious bodily injury' is defined as bodily injury that creates a substantial risk of death, or that causes serious permanent disfigurement, coma, a permanent or protracted condition that causes extreme pain, or permanent or protracted loss or impairment of the function of any bodily member or organ, or that results in prolonged hospitalization." Id.

Simmons is controlling of the analysis here. Because the "statute does not define 'assault' and is silent on the requisite mens rea . . . . the element of assault and the requisite mens rea are established by common law." 917 F.3d at 318. In turn, "because the requisite intent for any of the different forms of North Carolina assault can be established through proof of 'culpable negligence,' each form of assault 'permits conviction for conduct that does not amount to a 'use' of force." Id. at 321 (quoting State v. Jones, 538 S.E. 2d 917, 923 (N.C. 2000)) (emphasis added).

3

This common law intent element forecloses qualification of AISBI under both the "force clause" and the "enumerated offense clause" of § 4B1.2(a). See id. at 320-321.

The government's arguments fail to account for the reasoning in Simmons. The government argues that defendant has identified no case where a North Carolina court applied the AISBI statute to a conviction based on "mere culpable negligence (or even recklessness)." (Gov. Resp. (DE 99) at 4). However, the determinative question is whether it is "plausible that North Carolina would punish culpably negligent conduct under the [instant] statute," not whether it has already done so. Simmons, 917 F.3d at 320. This question is settled because the Fourth Circuit recognized in Simmons that "the requisite intent for any of the different forms of North Carolina assault can be established through proof of 'culpable negligence.'" Id. at 321 (quoting Jones, 538 S.E.2d at 923). Whether or not North Carolina prosecutors actually have charged defendants with AISBI based upon culpable negligence "does not really matter because the key is elements, not facts." Aparicio-Soria, 740 F.3d at 158.

The government also relies upon the statement in Thompson that the government "has reviewed every North Carolina case mentioning AISBI, and not one of the 141 cases supports the notion that AISBI can be committed with anything less than actual intent." (Gov. Resp. (DE 99) at 5) (quoting Thompson, 874 F.3d at 417)). The problem with relying upon Thompson is two-fold. First it applied the now-defunct "residual clause," the test for which is "significantly different" from the "analysis under the enumerated offenses and forces clauses." Simmons, 917 F.3d at 320. Second, Thompson did not address (or have reason to address for its holding) the law regarding intent as set forth in Simmons and Jones. In other words, the reference to "actual intent" is not sufficiently precise for purposes of the instant analysis, where "intent to act" under North Carolina law may be satisfied by proof of "culpable negligence." Simmons, 917 F.3d at 319; see

4

Jones, 353 N.C. at 164-165 (stating that the intent element for assault with a deadly weapon inflicting serious injury ("AWDWISI") may be established by "either an <u>actual intent</u> to inflict injury or culpable or criminal negligence <u>from which such intent may be implied</u>") (emphasis added).[2]

The government also cites a statement by the North Carolina Court of Appeals that "the General Assembly intended for N.C.G.S. § 14–32.4 to cover those assaults that are especially violent and result in the infliction of extremely serious injuries, and are not covered by some other provision of law providing for greater punishment." State v. Shannon Williams, 150 N.C. App. 497, 503 (2002). This description of the law, however, is unavailing on multiple levels. First, in applying the categorical approach, court's role is not to determine the offense conduct "typically posed by the crime," which it was with the residual clause analysis, Thompson, 874 F.3d at 415, but rather "the least culpable conduct punished by the state criminal statute." Simmons, 917 F.3d at 317; see Aparicio-Soria, 740 F.3d at 158. Thus, the legislative purpose in enacting the statute is not determinative of the categorical approach.

Second, it is notable that another "provision of law providing for greater punishment," Shannon Williams, 150 N.C. App. at 503, is in fact the statute criminalizing assault with a deadly weapon inflicting serious injury ("AWDWISI"), which offense is classified as a Class E felony, rather than the Class F felony for AISBI. See N.C. Gen. Stat. § 14-32(b); § 14-32.4(a); § 15A-1340.17(c) (specifying longer terms of imprisonment for Class E felonies than Class F felonies). This court, and other courts in this circuit, have already held that AWDWISI does not qualify under the categorical approach as a violent felony. See United States v. Geddie, 125 F. Supp. 3d 592,

---

[2] For the same reason, the government's citation to State v. Nathaniel Williams, 154 N.C. App. 176 (2002) for the proposition that AISBI requires "an intentional assault on another person," id. at 180, is equally inapposite because it does not take into account that such "intentional assault" can be established through "culpable or criminal negligence." Jones, 353 N.C. at 165.

5

595 (E.D.N.C. 2015) ("AWDWISI is not a 'crime of violence' under the advisory Guidelines."); see, e.g., United States v. Goins, 845 F. App'x 232, 234 (4th Cir. 2021) (noting this court "determined that [AWDWISI], under N.C. Gen. Stat. § 14-32(b), did not qualify as a 'violent felony' . . . because the crime lacked a specific intent element); United States v. Jenkins, 774 F. App'x 131, 132 (4th Cir. 2019) (noting the district court "sustained [the defendant's] objection" to treating, inter alia, AWDWISI as a crime of violence under U.S.S.G. § 4B1.2); United States v. Barr, No. 1:07-CR-276-1, 2025 WL 1166882, at *5 (M.D.N.C. Apr. 22, 2025) ("AWDWISI categorically is not a 'violent felony.'"); Williams v. United States, No. 314CR217RJCDCK1, 2019 WL 6314994, at *4 (W.D.N.C. Nov. 15, 2019) ("Petitioner does not qualify as a career offender because his A[W]DWISI conviction is not a crime of violence."). It would therefore be anomalous for this court to categorize AISBI as a violent felony, even though it carries lesser punishment than AWDWISI, and even though it does not require the use of a "deadly weapon" like AWDWISI. N.C. Gen. Stat. § 14-32(b).

Third, the seriousness of the bodily injury resulting from an AISBI offense is not determinative to whether an offense is a violent felony under the categorical approach. Indeed, as the government recognizes, it is well established that "involuntary manslaughter," for which the resulting bodily injury necessarily is fatal, does not qualify as a violent felony. See United States v. Peterson, 629 F.3d 432, 438 (4th Cir. 2011). In sum, following the government's approach would lead to an inconsistent jurisprudence, not reflecting the principles and holdings of the Fourth Circuit categorical approach cases.[3]

---

[3] Also bearing on the issue of consistency of jurisprudence, the government previously has taken the position in cases pending before the United States Court of Appeals for the Fourth Circuit, that AISBI does not qualify as a crime of violence. United States v. Smith, 827 F. App'x 262, 264 (4th Cir. 2020) (noting "the Government moved to vacate the sentence and remand the matter for resentencing in light of Simmons' invalidating reliance on [the defendant's] 2003 North Carolina assault conviction [for AISBI] as a career offender predicate"); United States v. Robbins, No. 14-4863, Doc. 68 (4th Cir. Apr. 23, 2019) ("Upon consideration of the government's unopposed motion to remand for resentencing, the court grants the motion, vacates the sentence, and remands this case to the district

## CONCLUSION

For the foregoing reasons, the court SUSTAINED defendant's objection to classification of his violation as a Grade A violation, and instead treated it as a Grade B violation for purposes of the advisory guidelines range.

DATED, this the 12th day of August, 2025.

                                               LOUISE W. FLANAGAN
                                               United States District Judge

---

court for a resentencing hearing without using the conviction of assault inflicting serious bodily injury as an offense under the Armed Career Criminal Act.").